# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CINCINNATI INSURANCE COMPANY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:10-cv-1363-Orl-31DAB**

**JORDAN MASONRY, INC., PHILLIP
JORDAN, SR., DOROTHY JEAN
JORDAN,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR DEFAULT JUDGMENT (Doc. No. 15)**
>
> **FILED:**　　**October 22, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Cincinnati Insurance Company ("CIC") filed suit against Defendants on September 13, 2010 alleging numerous causes of action against defendants, including specific performance, contractual indemnity, and common law indemnity arising out of Defendants' failure to complete a construction project and fulfill indemnity obligations.  Doc. 1.  Following service of process on the corporate Defendant and personally on the individual indemnitors, they failed to file any responsive pleading and clerk's default was entered against them.  CIC now moves for a default judgment against the

Defendants and has filed a supporting Affidavit of the Associate Superintendent of Bond Claims, Mike Sams (Doc. 15); the matter is now ripe for resolution.

**Analysis**

CIC moves for default judgment on its claims for breach of contract and contractual indemnity asserted in the Complaint. On September 27, 2010, CIC served Jordan Masonry, Inc., Phillip Jordan, Sr., and Dorothy Jean Jordan with summons and the Complaint; all three failed to file any responsive pleading or paper as required by law. Doc. 8, 9, 10. On October 19, 2010, CIC filed its Motions for Clerk's Default against the three Defendants, and on October 20, 2010, the Clerk entered defaults against Jordan Masonry, Inc., Phillip Jordan, Sr., and Dorothy Jean Jordan. Doc. 11, 12, 13, 14.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *See, e.g., Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (same). "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F. 3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

*A. Payment and Performance Bond*

CIC is a surety company that issues payment and performance bonds for general contractors and subcontractors performing construction contracts for public and private owners. Doc. 1. Jordan Masonry, Inc. ("Jordan") is a construction company that required payment and performance bonds for projects. Doc. 1. CIG-LBV, LLC contracted with T&G Constructors ("T&G"), as general contractor, for renovation of a building located at 1805 Hotel Plaza Blvd., Lake Buena Vista, Florida, referred to as the Holiday Inn Lake Buena Vista (the "Project"). Doc. 1. On July 23, 2008, T & G

subcontracted the masonry work to Jordan (the "Subcontract").  Doc. 1.  Jordan was required to provide a payment and performance bond on the Project, and Jordan sought this bonding from CIC.  Doc. 1.  CIC issued a subcontractor performance bond and payment bond bearing bond number B-9107836 (the "Bond"), in the penal sum of $238,000.00, naming Jordan as principal, and T & G as obligee, in connection with the Project.  Docs. 1, 15-1, Sams Aff.

CIC has received numerous claims against the Bond from several subcontractors, laborers, material suppliers, and rental equipment providers that have made payment bond claims for either the work they performed or the materials they provided on the Project at Jordan Masonry, Inc.'s request (collectively referred to as "Claimants") but for which they have not received payment. Doc. 15-1.  Due to Jordan Masonry, Inc.'s refusal or inability to resolve the materialman's claim of A-1 Block Corporation ("A-1 Block"), it filed suit entitled *A-I Block Corporation v. T&G Corporation,* Case number 2010-CA-002079-0 in the Ninth Judicial Circuit for Orange County, alleging it was owed $100,554.41 on the Project ("A-1 Litigation").  *Id*.  T & G terminated Jordan from the Project, completed Jordan's work, and made a claim against the Bond.  Doc. 1.

CIC was forced to respond to and resolve the A-1 Litigation.  Doc. 15-1.  CIC incurred losses as a result of issuing the Bond, which losses include the cost to defend itself in the A-1 Litigation.  Doc. 15-1.  After independently investigating the Claimants' claims and the A-1 Litigation, and after Jordan Masonry, Inc. failed to provide defenses to the claims or post collateral security in accordance with the General Indemnity Agreement that each of the Indemnitors signed (Doc. 1, Ex. A), CIC was forced to settle several claim against the Bond.  Doc. 15-1.  CIC entered into a settlement agreement with A-1 Block, agreeing to pay A-1 Block $26,270.52 for its claim, attorneys fees and costs under the Bond.  Subsequently, CIC agreed to pay an additional $77,977.29 to A-1 Block in final settlement of A-I Block's claim, attorney's fees and costs under the Bond, paid on  June 3, 2010.  Doc. 15-1.

CIC also entered into an agreement with T&G, agreeing to pay $43,138.70 in settlement of T&G's claims and attorney's fees under the Bond. Doc. 15-1. In addition, CIC paid the following subcontractors who made claims under the Bond alleging amounts owed for work performed or materials supplied to the Project: Prestige AB Management, LLC $6,161.40; and Sunbelt Rentals, Inc. $7,980.38, or total of $14,141.78. In total, CIC paid $161,528.29 for the above-referenced claims on various dates. Doc. 15-1. CIC settled the Claimants' claims and the A-1 Litigation in good faith and pursuant to its rights under the General Indemnity Agreement.

*B. Breach of the Indemnity Agreement*

On August 26, 2008, Phillip Jordan, Sr., Dorothy Jean Jordan, and others (collectively the "Indemnitors") executed a General Indemnity Agreement ("Indemnity Agreement") in favor of CIC. Doc. 1. The Indemnity Agreement provides in pertinent part:

TERMS & CONDITIONS: The Undersigned agrees to:

(a) Indemnify the Surety and hold it harmless from and against any and all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of whatsoever kind or nature which the Surety may sustain or incur by reason or in consequence of having executed or procured the execution of the Bond or Bonds aforementioned and/or which the Surety may sustain or incur in making any investigation, in settling any claims or in defending or prosecuting any actions, suits, or other proceedings which may be made or brought under or in connection therewith, and/or in recovering or attempting to recover salvage or any unpaid bond premium, in obtaining or attempting to obtain release from liability, or in enforcing any of the covenants of this Agreement. The Undersigned will pay over, reimburse and make good to the Surety, its successors or assigns, all money which the Surety or its representatives shall payor cause to be paid or become liable to pay by reason of the execution of any such Bond or Bonds, such payment to be made to the Surety as soon as it shall become liable, whether the Surety shall have paid out such sum or any part thereof, or not.

\* \* \*

If the Surety received a performance Bond or payment Bond claim or demand for which the Surety has contingent liability for losses, costs, attorneys fees and disbursements and/or expenses in connection with such claims, the Undersigned shall, upon demand of the Surety, and regardless of any proceedings contemplated or taken by the Undersigned or the pendency of any appeal, deposit with the Surety cash or

-4-

>other collateral in an amount to be determined by the Surety to be sufficient to cover the funds or any part thereof, at any time, in payment or compromise of any judgment, claims, liability loss, damage, attorneys' fees and disbursements or other expenses.

Doc. 1, Ex. 1-1.

In Count II of the Complaint, CIC asserted a claim for contractual indemnity. Doc. 1. The Indemnitors signed the Indemnity Agreement. *See* Doc. 1, Ex. 1-1. The Indemnitors materially breached the Indemnity Agreement by agreeing to indemnify CIC from any liability for losses and expenses. However, after CIC issued the subcontractor performance and payment bond (the "Bond") naming Jordan Masonry, Inc. as principal after the Indemnitors signed the Indemnity Agreement; CIC received claims on the Bond, which Jordan Masonry, Inc. failed to resolve. Doc. 1. When CIC demanded that the Indemnitors comply with their indemnity obligations to reimburse CIC, the Indemnitors failed to comply. Doc. 1, 15-1. As a result of the Indemnitors' failure to comply with the terms of the Indemnity Agreement, CIC was required to pay damages in the amount of $161,528.29, exclusive of CIC's attorneys' fees, consultants' fees, costs, or expenses. Doc. 1, 15-1.

*C. Attorney's Fees*

As of October 22, 2010, CIC had also incurred $15,137.44 in attorneys' fees all of which were reasonable and necessary to defend and resolve the Claimants' claims and/or the A-1 Litigation before CIC filed its Complaint in this matter. These amounts do not include the attorneys' fees or costs that CIC has incurred prosecuting the indemnity action in this Court. The General Indemnity Agreement at paragraph (a) expressly provides for the recovery of all of these fees.

>[I]f the Surety is required to enforce performance of this covenant by action at law or in equity, the costs, charges, and expenses, including attorneys' fees, which it may thereby incur, shall be included in such action and paid by the Undersigned. Demand shall be sufficient if sent by registered mail to the Undersigned at the address given herein or last known to the Surety.

Doc. 1, Ex. 1-1. CIC is entitled to its attorney's fees under the Indemnity Agreement.

*D. Summary*

CIC's total losses to date are $180,383.47, which damages are calculated as follows:

| **Claim** | **Amount** |
|---|---|
| A-1 Block (first claim) | $ 26,270.52 |
| A-1 Block (second claim) | $ 77,977.29 |
| T & G | $ 43,138.70 |
| Prestige AB Management, LLC | $ 6,161.40 |
| Sunbelt Rentals, Inc. | $ 7,980.38 |
| **Subtotal of claims settled** | $ 161,528.29 |
| Attorney's Fees | $15,137.44 |
| Prejudgment Interest (at 6% from 6/3/10 to 10/22/10) | $ 3,717.74 |
| **Total Amount** | $ 180,383.47 |

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that CIC's Motion for Final Default Judgment be **GRANTED** and default final judgment be entered in CIC's favor against Defendants Jordan Masonry, Inc., Phillip Jordan, Sr., and Dorothy Jean Jordan jointly and severally, for the principal amount of $180,383.47 under the Indemnity Agreement. CIC is **DIRECTED** to submit a proposed final judgment with the current calculation of interest and any additional attorney fees sought in this case within 7 days of the date of this Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 22, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy